IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN THOMAS, individually and on behalf of all similarly situated employees <br><br> Plaintiff, <br><br> V. <br><br> EL MAR CONSULTING, LLC, EL MAR DIVERSIFIED, LLC, and ACTION INDUSTRIES INC. <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> COLLECTIVE ACTION |

## COMPLAINT

1. Plaintiff Brian Thomas brings this suit under the Fair Labor Standards Act ("FLSA") to recover overtime wages owed to him by his former employers, El Mar Consulting, LLC, El Mar Diversified, LLC, and Action Industries Inc. ("Defendants"). *See* 29 U.S.C. §§ 207(a)(1), 216(b).

## JURISDICTION

2. The Court has jurisdiction because Plaintiff's claim arises under the FLSA.

## VENUE

3. Venue is proper in the U.S. District Court for the Eastern District of Louisiana because Defendants reside within this District. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

4. Plaintiff is an individual residing in Leesville, Louisiana.

5. Defendants El Mar Consulting, LLC and El Mar Diversified, LLC were/are formed under the laws of Louisiana.

6. Michael J. Medine, Jr. is the registered agent for El Mar Consulting, LLC and El Mar Diversified, LLC. His address for purposes of service is 767 Highway 70 South, White Castle, LA 70788. His address on the Louisiana Secretary of State website is also listed as 767 Highway 70 South, Belle Rose, LA 70341. Mr. Medine is the President of El Mar Consulting, LLC and El Mar Diversified, LLC.

7. Defendant Action Industries Inc. is formed under the laws of Louisiana.

8. Marvin Gros is the registered agent for Action Industries Inc. His address for purposes of service is 809 Railroad Ave., Donaldsonville, LA 70346. Mr. Medine is the President of Action Industries Inc. Action Industries Inc.'s physical address is listed as 767 Highway 70 South, Belle Rose, LA 70341.

## COVERAGE

9. At all times relevant, Defendants employed two or more employees and had an annual dollar value of sales made or business done of at least $500,000.

10. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce.

11. At all times relevant, Defendants had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

12. Defendants were simultaneously, individually, and jointly Plaintiff's employer in 2015 and 2016.

13. Plaintiff was an employee of Defendants, simultaneously, individually, and jointly, in 2015 and 2016.

14. Defendants simultaneously, individually, and jointly employed Plaintiff in 2015 and 2016.

15. At all times relevant, Defendants were under common ownership, operation, and control.

16. At all times relevant, Defendants relied upon a shared services model, in which they shared human resources, accounting, administrative, and payroll personnel.

17. Upon information and belief, Defendants share the same company handbook and employment policies.

18. Defendant El Mar Consulting, LLC's employees perform work for the benefit of Defendant El Mar Diversified, LLC and Action Industries Inc.

19. Defendant El Mar Diversified, LLC's employees perform work for the benefit of Defendant El Mar Consulting, LLC and Action Industries Inc.

20. Defendant Action Industries Inc.'s employees perform work for the benefit of Defendants El Mar Diversified, LLC and El Mar Consulting, LLC.

21. Defendants share the same physical office space and address at 767 Highway 70 South, Belle Rose, LA 70341

22. Defendants share the same website and social media pages.

## VIOLATION OF THE FLSA

23. Plaintiff worked over 40 hours a week for Defendants in over 11 weeks in 2015 and 2016.

24. Defendants paid Plaintiff a flat day rate for each day he worked for Defendants in 2015 and 2016. On some occasions, Defendants decreased the day rate, effectively converting the day rate to a straight-time hourly rate.

25. Defendants failed to pay an overtime premium of 1.5 times Plaintiff's regular rate for each overtime hour Plaintiff worked for Defendants in 2015 and 2016.

26. Defendants owe Plaintiff 1.5 times his regular rate for each overtime hour he worked for Defendants during the three year-period immediately preceding the filing of this lawsuit.

27. Defendants owe Plaintiff liquidated (double) damages in the same amount as the overtime wages they owe Plaintiff.

28. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees, and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

29. Defendants willfully violated the FLSA. Defendants either knew they should pay Plaintiff 1.5 times his regular rate for each overtime hour worked or they showed reckless disregard for whether they should do so.

30. Defendants are jointly and severally liable for Plaintiff's unpaid overtime wages, liquidated damages, costs, interest, and attorneys' fees.

## COLLECTIVE ALLEGATIONS

31. Plaintiff incorporates the prior allegations in this Complaint and restates them here as collective-action allegations on behalf of Plaintiff and all workers who are similarly situated to Plaintiff.

32. Defendants employed several individuals who performed the same or substantially similar job duties as Plaintiff over the three-year period immediately preceding the filing of this lawsuit. Defendants failed to pay such individuals 1.5 times their regular rates for each overtime hour they worked (Plaintiff and these individuals are hereafter referred to as "the Collective Plaintiffs").

33. The Collective Plaintiffs often worked more than 40 hours per week without receiving 1.5 times their regular rates for each overtime hour worked throughout the three-year period immediately preceding the filing of this lawsuit.

34. The Collective Plaintiffs reported to a Manager (or another individual with a similar title and/or responsibilities) employed by Defendants.

35. Defendants reimbursed the Collective Plaintiffs for mileage.

36. Defendants reimbursed the Collective Plaintiffs for materials.

37. Defendants required the Collective Plaintiffs to attend special training classes. Defendants paid for these special training classes.

38. Defendants required the Collective Plaintiffs to give daily reports of their work activities to their respective Managers (employed by Defendants), as well as the owners of Defendants.

39. Defendants listed the Collective Plaintiffs as employees on various websites Defendants use to solicit and secure new work from their customers.

40. Defendants provided safety training to Collective Plaintiffs.

41. Defendants controlled the Collective Plaintiffs' work.

42. Defendants mandated that the Collective Plaintiffs closely adhere to the prescribed scope of work on each project and job.

43. Defendants mandated that the Collective Plaintiffs closely adhere to Defendants' safety policies and procedures on each project and job.

44. Defendants maintained liability insurance purportedly covering work-related activities performed by the Collective Plaintiffs.

45. Defendants possessed the ability to hire and fire the Collective Plaintiffs.

46. Defendants set the compensation rates for the Collective Plaintiffs.

47. Defendants maintained employment records regarding the Collective Plaintiffs.

48. Given these factual circumstances, Plaintiff seeks to certify a collective action consisting of the following individuals:

> All El Mar and/or Action Industries Workers Who Worked Over 40 Hours and Did Not Receive Additional Compensation for Overtime Hours During Any Week from October 19, 2014 to the Present.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Brian Thomas demands a judgment for himself and all similarly situated individuals, against Defendants El Mar Consulting, LLC, El Mar Diversified, LLC, and Action Industries Inc. for the following:

a. Unpaid overtime wages;

b. Liquidated damages in the same amount as the overtime wages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure;

e. Post-judgment interest on all amounts awarded at the highest rate allowable by law; and

f. Any other relief the Court finds proper, whether at law or in equity.

          Respectfully submitted,

By:   <u>s/ Charles J. Stiegler</u>
       Charles J. Stiegler (TA)
       La. Bar No. 33456
       STIEGLER LAW FIRM, LLC
       318 Harrison Ave., Suite 104
       New Orleans, LA 70124
       504-267-0777 – Telephone
       504-513-3084 – Facsimile
       charles@stieglerlawfirm.com

       Dennis A. Clifford (*pro hac vice* pending)
       Tex. Bar No. 24050431
       S.D. Tex. No. 611330
       THE CLIFFORD LAW FIRM, PLLC
       712 Main Street, Suite 900
       Houston, TX 77002
       713-999-1833 – Telephone
       866-232-0999 – Facsimile
       dennis@cliffordemploymentlaw.com

       ATTORNEYS FOR PLAINTIFF
       BRIAN THOMAS AND ALL NAMED AND OPT-IN PLAINTIFFS